UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 19-8472-BER

UNITED STATES OF AMERICA,

v.

WILLIAM FOSTER,

        Defendant.

_____/

**PRETRIAL DETENTION ORDER**

On November 19, 2019, the Court conducted a pretrial detention hearing pursuant to 18 U.S.C. § 3142, commonly known as the Bail Reform Act of 1984. For the reasons stated on the record at the hearing, and as discussed in this Order, the Court hereby orders Defendant WILLIAM FOSTER detained prior to trial. Having considered the statutory factors, *see* 18 U.S.C. § 3142(g), The Court finds that no condition or combination of conditions will reasonably assure the safety of the community.

The United States seeks detention on the bases of risk of non-appearance and danger to the community. The Government must establish by preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance as required. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985). The Government must establish by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any individual or the safety of the community. 18 U.S.C. § 3142(f)(2). "Clear and convincing evidence" is evidence that "place[s] in the ultimate factfinder an abiding conviction that the truth of its factual contentions are 'highly probable'." *Colorado v. New Mexico*, 467 U.S. 310,

316 (1984); *Int'l Seaway Trading Corp. v. Walgreens Corp.,* 599 F. Supp. 2d 1307, 1313 (S.D. Fla.) (J. Ryskamp), *aff'd in part, vacated in part*, 589 F.3d 1233 (Fed. Cir. 2009) (citations omitted); *Powell v. Home Depot U.S.A.*, 2009 WL 1515073 at *8 (S.D. Fla. 6/1/2009)(J. Hurley).

The evidence adduced at the pretrial detention hearing consisted of the information contained in the Pretrial Services Report (including the Defendant's criminal history), the criminal complaint (DE 1), a victim letter filed under seal, and the testimony of FBI Special Agent Kelly Cavey, and proffers by counsel for the Government and for the Defendant. The Court considers all of this evidence in making its findings.

Title 18, United States Code, Sections 3142(g) requires the Court to consider the nature and circumstances of the offense, the weight of the evidence against Defendant, the history and characteristics of the Defendant, and the nature and seriousness of any danger to a person or to the community caused by the Defendant's release. In accordance with 18 U.S.C. § 3142(i)(1), the Court hereby makes the following written findings of fact and statement of reasons for the detention:

    a)    <u>The nature and circumstances of the offense charged.</u>

Defendant is charged by Criminal Complaint with three offenses; (1) sex trafficking through force, threats of force, fraud, or coercion, in violation of 18 U.S.C. § 1591, (2) conspiracy to sex traffic through force, threats of force, fraud, or coercion, in violation of 18 U.S.C. § 1594, and (3) transportation with intent to engage in prostitution, in violation of 18 U.S.C. §2421. If convicted of the charges, he faces up to life imprisonment with a 15 year mandatory minimum. The nature of these offenses is that they cause direct physical and emotional harm to persons. As such, this factor creates a strong inference that the Defendant presents a danger to other individuals as well as to the community at large.

      b)      <u>The weight of the evidence against Defendant.</u>

The weight of the evidence against Defendant is strong. The Government has first-hand testimony from three victims who separately report that the Defendant recruited them (and other vulnerable women, including minors) into prostitution and that he transported women across state lines for the purpose of prostitution. These eye-witness accounts are corroborated, in part, by documentary evidence. None of the victims testified at the detention hearing. The defense raised legitimate questions concerning the credibility of some of their statements to the FBI. Without the benefit of observing the witnesses in person, the Court cannot evaluate their personal credibility. Nevertheless, there is sufficient indicia of credibility in the record to satisfy the Court that the charges are firmly based in fact. Whether there is proof beyond a reasonable doubt will be decided elsewhere. As relevant here, there is sufficient evidence to motivate a defendant to consider not appearing in court to face the charges. There is also compelling evidence that, at a minimum, over a lengthy period of time the Defendant has recruited minors and other vulnerable women into prostitution. This evidence creates an inference that the Defendant poses a continuing danger to the community.

      c)      <u>Defendant's history, characteristics, and criminal history.</u>

The Court takes judicial notice of the Pretrial Services Report, which reflects Defendant's criminal history. The Defendant has a lengthy criminal history going back to 1994, when he was 23 years old. The Government proffered that he was investigated and charged in 1998 in New Jersey for soliciting minors to engage in prostitution. Those charges were dropped, so the Court will not consider them. The Defendant has a 2003 conviction for battery. He also has multiple convictions for driving without a proper driver's license. Most recently, he was charged on July 3, 2019, with driving with a suspended license and speeding. Those charges are pending. The Defendant's non-

compliance with drivers license requirements suggests he would not follow this Court's instructions to appear as required or to refrain from other dangerous activities.

> d) <u>The nature and seriousness of the danger to any person or the community that would be posed by Defendant's release</u>

There was persuasive evidence that since 2004, on multiple occasions, the Defendant continued to engage in prostitution and other sex crimes while on either pretrial release or probation. Only a few months ago, Victim 3 was recruited by the Defendant while his current suspended license case was pending. The sealed victim letter provides a first-hand account that the Defendant, directly and through others, continued to engage in criminal conduct while in jail and while on supervision. This past pattern of committing crimes while on release creates a strong inference that the Defendant would continue to engage in criminal conduct if released.

Based on the evidence presented at the detention hearing, there is probable cause to believe the Defendant committed a violation of 18 U.S.C. § 1591. There is also probable cause to believe that he committed a felony involving a minor victim. Therefore, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the Defendant's appearance or the safety of the community. 18 U.S.C. § 3142(e)(3)(A). The presumption is evidence to be considered with all the other evidence in the record, but it does not affect the ultimate burden of proof, which remains on the Government. *United States v. Quartermaine,* 913 F.2d 910, 916 (11th Cir. 1990). After considering all the statutory factors, the Court finds that the Defendant has failed to rebut the presumption that no condition or combination of conditions would reasonably assure the safety of the community.

The Court finds that the Defendant has rebutted the presumption that no condition or combination of conditions would reasonably assure his appearance as required. The Court finds that

conditions such as home confinement with electronic monitoring, a co-signor on the bond and/or a corporate surety bond, plus the other Jimmy Ryce Act conditions under 18 U.S.C. 3142(c) would be sufficient to reasonably assure his appearance.

In sum, the Court finds that the Government has not proven by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the Defendant's appearance as required. The Court further finds that the Government has proven by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, the Court ORDERS that Defendant be DETAINED.

The Defendant is hereby committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant must be afforded reasonable opportunity to confer privately with counsel. On order of a United States court or on request of a Government attorney, the person in charge of the corrections facility where Defendant is confined must deliver Defendant to the U.S. Marshal for the purpose of a court appearance.

DONE AND ORDERED in Chambers at West Palm Florida this 20th day of November, 2019.

BRUCE E. REINHART
U.S. MAGISTRATE JUDGE